UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PENGBO LI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LOREN K. MILLER, in his official capacity, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, *et al.*, <br><br> Defendants. | Civ. Action No. 20-1122 (EGS) |

## MEMORANDUM OPINION

Plaintiffs Pengbo Li ("Mr. Li") and Continental Automotive Systems, Inc. ("Continental") bring this lawsuit against Defendants—Loren K. Miller, Director of the U.S. Citizenship and Immigration Service ("USCIS") Nebraska Service Center ("NSC"); Tracy Renaud,[1] Senior Official Performing the Duties of the Director of USCIS; and Alejandro Mayorkas,[2] Secretary of the U.S. Department of Homeland Security—seeking "a judicial declaration that Defendants' actions in wrongfully denying Plaintiffs' EB-1A

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as defendant the Senior Official Performing the Duties of the Director of USCIS, Tracy Renaud, for the former Senior Official Performing the Duties of the Director of USCIS, Kenneth T. Cuccinelli.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as defendant the Secretary of the U.S. Department of Homeland Security, Alejandro Mayorkas, for the former Acting Secretary of the U.S. Department of Homeland Security, Chad F. Wolf.

Form I-140 immigrant visa petition . . . were arbitrary, capricious, an abuse of discretion, and not in accordance with" the Administrative Procedure Act ("APA") or the Immigration and Nationality Act ("INA"). Compl., ECF No. 1 ¶ 1.[3] Pending before the Court is Defendants' motion to transfer venue either to the United States District Court for the District of Nebraska, where NSC is located, or to the United States District Court for the Eastern District of Michigan, where Plaintiffs are located. *See* Defs.' Mot. Transfer Venue ("Defs.' Mot."), ECF No. 10-1 at 5. Upon consideration of the parties' submissions, the applicable law, and the entire record herein, Defendants' motion is **GRANTED**.

**I. Background**

On April 29, 2020, Plaintiffs filed a Complaint pursuant to the APA and INA, asking the Court to overturn a USCIS decision denying Mr. Li's EB-1A Form I-140 petition. Compl., ECF No. 1 ¶ 1. Plaintiffs allege that: (1) "USCIS's finding that Continental failed to demonstrate that Dr. Li's accomplishments . . . were of major significance to the biomedical and automated driving industries lacked any indication that the agency meaningfully engaged with the voluminous evidence presented . . . , and

---

[3] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

lacked essential analysis of how it reached its decision," *id.* at 17; (2) "USCIS's finding that Continental failed to demonstrate that Dr. Li performed in a leading or critical role . . . reflects the agency's complete failure to comprehend the significance of his technological accomplishments to Continental's reputation . . . and his outsized contribution to the company's profitability," *id.* at 20; and (3) "[d]ue to its erroneous findings regarding the major significance of Dr. Li's sensor technology accomplishments and his leading and critical role while working for Continental, USCIS failed to address the remaining requirements to demonstrate eligibility for the EB-1A immigrant visa petition," *id.* at 23.

On July 6, 2020, Defendants filed their motion to transfer this case to either the United States District Court for the District of Nebraska or to the United States District Court for the Eastern District of Michigan. *See* Defs.' Mot., ECF No. 10-1 at 5. Plaintiffs filed their opposition on July 19, 2020, *see* Pls.' Opp'n, ECF No. 12; and Defendants filed their reply brief on July 27, 2020, *see* Defs.' Reply, ECF No. 13. The motion is ripe for adjudication.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

3

district . . . where it might have been brought." In so doing, the district court has discretion to transfer a case based on an "individualized case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Demery v. Montgomery Cnty.*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009) ("Because it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness." (internal quotation marks omitted)). The moving party bears the burden of establishing that transfer of the action is proper. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005); *see also SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (noting that the district court's denial of a motion to transfer "was effectively a ruling that [the appellant] had failed to shoulder his burden").

To justify a transfer, defendants must make two showings. First, they must establish that the plaintiff could have brought suit in the proposed transferee district. *See Devaughn*, 403 F. Supp. 2d at 71–72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Second, defendants must demonstrate that considerations of convenience and the

4

interests of justice weigh in favor of a transfer. *See Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944 F. Supp. at 16.

To determine whether "considerations of convenience and the interests of justice weigh in favor of a transfer," the Court considers private-interest factors including: (1) "the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant"; (2) "the defendant's choice of forum"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties"; (5) "the convenience of the witnesses, but only to the extent that witnesses may be unavailable in one fora"; and (6) "the ease of access to sources of proof." *DeVaughn*, 403 F. Supp. 2d at 72. Finally, the Court considers whether certain public-interest factors weigh in favor of transfer, including: "(1) the transferee's familiarity with the governing laws, (2) the relative congestion" of each court, and "(3) the local interest in deciding local controversies at home." *Id.* at 73.

### III. Analysis

#### A. Plaintiffs Could Have Brought This Suit in the District of Nebraska or the Eastern District of Michigan

Pursuant to 28 U.S.C. § 1391(e), a lawsuit "in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity" may be brought in a judicial district: (1) where "a defendant in the action

5

resides"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) where "the plaintiff resides if no real property is involved in the action."

It is undisputed that Plaintiffs could have brought their claims in the District of Nebraska or the Eastern District of Michigan. *See* Defs.' Mot., ECF No. 10-1 at 7; Pls.' Opp'n, ECF No. 12 at 6-7. The Court agrees that the District of Nebraska is an appropriate venue because it is the location where NSC processed and denied Plaintiffs' request. *See McAfee, LLC v. USCIS*, No. 19-cv-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (explaining that "in APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred'" (citation omitted). The Court also agrees that the Eastern District of Michigan is an appropriate venue because Plaintiffs "reside[]" there. 28 U.S.C. § 1391(e)(1); *see* Compl., ECF No. 1 ¶ 11.

### B. Considerations of Convenience and the Interests of Justice Weigh in Favor of Transfer

#### 1. Plaintiffs' Choice of Forum

"Absent specific facts that would cause a district court to question plaintiffs' choice of forum, plaintiffs' choice is afforded substantial deference." *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000)(citations omitted). This is

6

especially true when the plaintiff is a resident of the forum. *See Pyrocap Int'l Corp. v. Ford Motor Corp.*, 259 F. Supp. 2d 92, 95 (D.D.C. 2003). "Conversely, substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000). Transfer is proper when "the material events that constitute the factual predicate for the plaintiff's claims occurred" in the transferee forum. *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 6–7 (D.D.C. 1996).

Here, the deference accorded to Plaintiffs' choice of forum is "weakened" because Plaintiffs do not reside in their chosen forum and "most of the relevant events" giving rise to their claims "occurred elsewhere." *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009) (citations and quotations omitted). It is undisputed that Plaintiffs reside in Michigan, *see* Compl., ECF No. 1 ¶ 11; and NSC adjudicated and denied the visa petition in Nebraska, *see id.* ¶ 47 & Ex. 4. And while Plaintiffs argue that their choice of forum is the most appropriate because "a majority of the Defendants named in this action are domiciled in the District of Columbia," Pls.' Opp'n, ECF No. 12 at 8; the Court is unpersuaded. Plaintiffs do not allege that the Acting Secretary of the U.S. Department of Homeland Security or the Senior Official Performing the Duties of Director of USCIS were personally involved with the processing or adjudication of Mr.

7

Li's application, and "naming a cabinet secretary and agency directors does not alone anchor venue here." *Aftab*, 597 F. Supp. 2d at 81. Therefore, the deference usually given to a plaintiff's choice of forum is diminished here. *See Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 103-04 (D.D.C. 2010) (explaining that deference to plaintiffs' choice of forum was weakened where plaintiffs resided in the Northern District of Texas and the Dallas Field Office had processed plaintiffs' applications for adjustment of their status); *Pyrocap*, 259 F. Supp. 2d at 96 (finding that the plaintiff's choice of forum was diminished because the "gravamen of this case involve[d] defendants' alleged knowledge and conduct" outside of the District).

### 2. Defendants' Choice of Forum

A defendant's choice of forum is a consideration when deciding a transfer motion, but it is not ordinarily entitled to deference. *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 32 (D.D.C. 2013) (citations omitted). "[W]here Defendants move to transfer over Plaintiff's opposition, they must establish that the added convenience and justice of litigating in their chosen forum overcomes the deference ordinarily given to Plaintiff's choice." *Id.* As discussed in further detail below, Defendants have done so here by establishing that transfer to the District of Nebraska will "lead to increased convenience overall." *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 31

8

(D.D.C. 2013). "Since, as just discussed, Plaintiffs receive no deference, and as these other interests favor transfer, Defendants receive some deference for their choice of forum." *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 275 (D.D.C. 2018).

### 3. Whether the Claim Arose Elsewhere

"Courts in this district have held that claims 'arise' under 28 U.S.C. § 1404(a) in the location . . . where most of the significant events giving rise to the claims occurred." *Treppel v. Reason*, 793 F. Supp. 2d 429, 436-37 (D.D.C. 2011) (citations omitted). "When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored." *Tower Labs, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018). "In cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009). Furthermore, courts in this District have found that challenges to individual immigration decisions generally arise in the forum of the USCIS service center that processed the application at issue. *See, e.g.*, *Pasem v. USCIS*, No. 20-cv-344, 2020 WL 2514749, at *1, **4-5 (D.D.C. May 15, 2020); *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 306 (D.D.C. 2017); *Aftab*, 597 F. Supp. 2d at 78.

9

As discussed above, the claims arose primarily in the District of Nebraska because NSC is the center that processed and denied Plaintiffs' petition. *See McAfee*, 2019 WL 6051559, at \*\*1-2 (finding that the underlying claim arose in the Central District of California because the USCIS California Service Center processed and denied the plaintiff's request). In addition, "any alleged error concerning this decision would have been committed by NSC in the District of Nebraska." Defs.' Mot., ECF No. 10-1 at 9.

Plaintiffs' argue, however, that this District is the most appropriate forum because: (1) "the fact that the [NSC] reviewed this particular petition was the result of a decision made by USCIS agency officials in the District of Columbia"; and (2) this case involves the "policy goals underpinning the United States' strategic desire to attract and retain foreign nationals of extraordinary ability." Pls.' Opp'n, ECF No. 12 at 8-9. The Court is unpersuaded. Regarding Plaintiffs' first argument, as Defendants point out, "Plaintiffs are not challenging USCIS's delegation of responsibilities among its service centers." Defs.' Reply, ECF No. 13 at 9. Rather, Plaintiffs challenge a specific decision made at NSC without the personal involvement of any named Defendants within the District of Columbia. Therefore, the Court cannot find that the "material facts are more connected" to the District of Columbia than to Nebraska.

10

*Aftab*, 597 F. Supp. 2d at 84; *see Pasem*, 2020 WL 2514749, at *4 ("When the *implementation* of a policy is at issue, and that implementation took place in a different judicial district, venue is more appropriately laid in that other district." (alterations and quotation marks omitted)). Regarding Plaintiffs' second argument, even if the Court found that the claims involved in this case had national implications, "the connection between the events at issue in this case and the District of Columbia is still tenuous at best." *Bourdon*, 235 F. Supp. 3d at 307 (dismissing plaintiff's argument that the USCIS West Palm Beach Field Office's denial of his visa petition involved national policies that emanated from agency headquarters in the District of Columbia).

Accordingly, the Court finds that this factor tips in favor of transfer.

### 4. The Convenience of the Parties, the Convenience of Witnesses, and the Ease of Access to Sources of Proof

Defendants argue that because the claims arose primarily in another forum, the District of Nebraska or the Eastern District of Michigan would be more convenient for the parties, potential witnesses, and evidence. Defs.' Mot., ECF No. 10-1 at 10-11. Plaintiffs counter that the District of Columbia is the most convenient venue because Continental's legal counsel are located in North Carolina and South Carolina. Pls.' Opp'n, ECF No. 12 at

11

9. They further contend that because this case will likely be decided on a factual record and on evidence currently in the parties' possession, the convenience of witnesses and the location of evidence are irrelevant. *Id.* at 9-10.

Regarding Plaintiffs' argument that their legal counsel would have an easier time travelling to the District of Columbia than to Nebraska or Michigan, "the location of counsel carries little, if any, weight in an analysis under § 1404(a)." *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40-41 (D.D.C. 2003) (internal quotation omitted). In addition, "[n]o showing has been made that any potential witnesses would not be available to testify in either of the [three] competing forums and accordingly the Court need not consider the convenience of witnesses factor." *Bourdon*, 235 F. Supp. 3d at 308. To the extent it would be necessary for the parties to call witnesses or gather other evidence in this case, Plaintiffs' Complaint indicates that more potential witnesses and evidence would be located in the District of Nebraska, where the claim arose, than in the District of Columbia. Finally, the administrative record is located in the District of Nebraska, where the adjudication of Plaintiffs' petition occurred, not in the District of Columbia. *See Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 69 (D.D.C. 2003) ("The location of the administrative record . . . carries some weight in transfer determinations.").

12

Accordingly, the Court finds that this factor weighs in favor of transfer.

### 5. The Transferee's Familiarity with the Governing Laws

Where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor." *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006). Because federal law governs this case, this District, the District of Nebraska, and the Eastern District of Michigan are all "equally familiar" with applying it. *McAfee*, 2019 WL 6051559, at *1 (citation omitted); *Pasem*, 2020 WL 2514749, at *3 ("[F]ederal district courts are 'equally familiar' with federal law, so that factor does not tip the scale in either direction." (quoting *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 20 (D.D.C. 2008)). This factor is therefore neutral.

### 6. The Relative Congestion of Each Court

"The relative docket congestion and potential speed of resolution with respect to both the transferor and transferee courts are appropriate to consider." *Trout Unlimited*, 944 F. Supp. at 19 (citing *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1156 (D.C. Cir. 1978)). Here, the data regarding the speed of the relevant court dockets is mixed. Plaintiffs argue that the Court should consider the median time from filing to disposition

13

in civil cases. Pls.' Opp'n, ECF No. 12 at 12. "For such cases, this data reflects a median time of 5.6 months in this District, 8.3 months in the District of Nebraska, and 8.7 months in the District of Michigan." *Id.* Defendants, on the other hand, argue that the Court should consider the median time from filing to trial. Defs.' Mot., ECF No. 10-1 at 11-12. For such cases, the median time is 48.7 months in this District, 24.4 months in the District of Nebraska, and 29.1 months in the Eastern District of Michigan. *Id.* at 12. Defendants also point out that in the District of Nebraska, only 5.1 percent of the civil docket is more than three years old, compared to 8.3 percent in the Eastern District of Michigan and 16.5 percent in the District of Columbia. Defs.' Reply, ECF No. 13 at 13. In addition, "the number of filings in this District have grown by more than 50% since 2014," while the number of filings in the competing fora have decreased or "remained relatively constant." *Id.* Because the statistics regarding court congestion is mixed and may also "reflect differences other than congestion, such as differences in the types of cases that are likely to be tried in each district and the level of discovery and pre-trial motion practice required in those cases," *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018); the Court finds that this factor is neutral.

14

### 7. The Local Interest in Deciding Local Controversies at Home

Although multiple jurisdictions may have an interest in resolving Plaintiffs' claims, courts in this District "have looked at where a clear majority of the operative events took place in order to determine where a case should be adjudicated." *Treppel*, 793 F. Supp. 2d at 439-40 (alteration and quotation marks omitted). Indeed, "[c]ontroversies should be resolved in the locale where they arise." *Trout Unlimited*, 944 F. Supp. at 19. As previously discussed, the majority of the decisions underlying Plaintiffs' claims were made in Nebraska, and a challenge to a decision regarding one visa petition is not necessarily of such national significance that transfer to another venue would be inappropriate. *See Ngonga*, 318 F. Supp. 3d at 277 ("Although recent events show that immigration policy is undoubtedly of immense national interest, . . . the Court finds that the instant case, which challenges an adverse decision on one visa petition, presents an issue of far more limited importance."). Therefore, this factor weighs in favor of transfer.

**IV. Conclusion**

Having considered all of the relevant factors, the Court concludes that Defendants made the necessary showing that "considerations of convenience and justice weigh in favor of a

15

transfer" to the District of Nebraska. *Berry v. U.S. Dep't of Just.*, 49 F. Supp. 3d 71, 75 (D.D.C. 2014). Accordingly, Defendants' motion to transfer, ECF No. 10, is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**           United States District Judge**
**           March 24, 2021**